Good morning, Your Honors. May it please the Court, my name is Katherine Hart, and I'm representing Petitioner Roy Russ. In 2006, the people of the state of California, through the initiative process, passed legislation, Proposition 83, that drastically changed the Sexually Violent Predator Act, changing what had before been a commitment process whereby inmates who were leaving state prison were imprisoned if the state could show beyond a reasonable doubt that they had a mental illness, that they had a preexisting sexually violent crime, and that they were likely to commit sexually violent acts in the future. And before 2006, the process was the same as existed pretty much in Kansas, in Arizona, in Washington. The state had to prove every two years, beyond a reasonable doubt, that the person was still a sexually violent predator. That completely changed the whole burden of proof, changed in 2006, and the commitment became an indeterminate commitment. And lest anyone think it's not an indeterminate commitment, the legislation itself, Welfare and Institutions Code 6604, states specifically that this is for an indeterminate commitment, so that now the burden, unless the state hospital certifies that the individual is no longer a sexually violent predator, the burden is on the patient to petition the court and show, by a preponderance of the evidence, that he is no longer a SVP. Ginsburg. Counsel, you're not arguing, are you, that the beyond a reasonable doubt standard should apply, are you? I would like to argue that the beyond a reasonable doubt should apply, because that was the standard that was upheld in Kansas v. Hendricks. But I have grappled with that and read the Supreme Court cases over and over, and I believe that even though most states with the Sexually Violent Predator Act have the beyond a reasonable doubt standard, I don't think you can argue from the U.S. Supreme Court that they say that it's constitutionally required, because if you look at the Addington case, that's our first major case on locking somebody up for a civil commitment, where the U.S. Supreme Now, that wasn't a sexually violent predator commitment, it was a civil commitment, but that's a clear enunciation by our high court on what the principle is for depriving somebody of his civil rights. Now, when we get to Kansas v. Hendricks, where the court says that in Hendricks's case that it is only potentially an indeterminate commitment, it's only potentially an indeterminate commitment in that case because every year Kansas has to prove beyond a reasonable doubt that that person is still the sexually violent predator. Now, in the Kansas v. Hendricks, the court does not specifically state that it has to be proved beyond a reasonable doubt. The court specifically states that we are upholding this Act because it provides basic fairness, basic evidentiary principles without specifically enunciating that it has to be beyond a reasonable doubt. But in that case, the court was called upon in Kansas v. Hendricks not just to decide whether the mental illness or mental abnormality were one and the same, but the court also in that case did decide the ex post facto and due process implications of the Kansas statute. Ginsburg. Counsel, may I ask you, in a habeas context, of course, relief is not available unless there is a Supreme Court case that's pretty much on point. So in your view, has the Supreme Court made a ruling that in the context of continued commitment, not the initial commitment, it is unconstitutional to place the burden of proof on the Petitioner? No. So doesn't that end the case? Then if the Supreme Court has not specifically made that ruling, then how can we say that the California court decision was contrary to Supreme Court authority? Because there is a, I think, a triumvirate of Supreme Court cases, and although there's not one case that specifically says that you have to recommit beyond a reasonable doubt, there is the Kansas v. Hendricks case where they upheld the statute because it followed evidentiary principles. And I agree they didn't define what was the evidentiary principle in that case. They said that Kansas has to prove beyond a reasonable doubt every year that that person has to remain in civil confinement. And I think you can easily infer from that, and that it would be illogical not to infer from that, that any State that has a potential, that has an indefinite commitment is violating the U.S. Supreme Court law as interpreted in Kansas v. Hendricks, because although the Court doesn't specifically say it has to be proved beyond a reasonable doubt, it says that the commitment is only potentially indefinite. But hasn't the Supreme Court told us not to try to extend its precedent to factual scenarios that were not presented and the actual case decided? Well, that is certainly one of the ways that you can look at the AEDPA. That is certainly one of the ways you can look at the AEDPA. But you can also, in looking at the AEDPA, it says, is there an unreasonable application of existing Supreme Court law? An unreasonable application of existing law is to say that we can then have perpetual confinement and that the individual has to prove his entitlement to release by a preponderance of the evidence, because if we look at the Addington v. Texas case, although that only involved an initial confinement hearing, the Court says that you have to have a preponderance because of the danger that you may be locking somebody up for idiosyncratic behavior. So I would say also that the Jones v. United States case is an important case from which we glean U.S. Supreme Court law, and that in this case, the State court of appeals, the Fifth District court of appeal, misapplied Jones v. United States. Both the California Supreme Court and the Fifth District court of appeal have said that Jones v. United States is applicable to the SVP extended commitment. And it was an initial commitment or a continued commitment case? Jones was a com was not an initial commitment case. Jones had been found not guilty by reason of insanity, and so he was an insanity equitee. And by virtue of being an insanity equitee, then he was sent to a State hospital, and then the burden was on him to prove that he had recovered and was ready to be released. And also the issue in the Jones case had to do with whether he could be kept longer having been found to be insane, whether he could be kept longer than somebody who had not put in a plea of not guilty by reason of insanity. But the issue and the reason that the Jones case is so important is that the U.S. Supreme Court differentiates between persons who were not guilty by reason of insanity and the sexually violent predator and other types of commitments, because the insane person has presented and has posited his insanity and his mental illness as a defense, and therefore, we don't have the problem of the burden shifting with an insanity equitee who's already presented at the forefront of his defense a mental illness. It's okay to have the burden by a preponderance for that individual to show that he's recovered. They are clearly in a different class. Ginsburg. Did you want to save any time for rebuttal? Oh, yes. Thank you very much. Thank you. Good morning, Your Honor. This is David Abdul-Aldrich, Deputy Attorney General for Respondent. The Supreme Court in Jones made clear that they were not discussing the requirements for a release that's in footnote 11. I am generally content with the briefs, but I'm happy to answer any questions the Court has. So what is the question? Go ahead. No, you go. I'm going to look up something. Your opponent's argument is that post Prop 83, this is not a Jones case. This is not the procedure that California now employs with respect to SVPs, is different from anything that the Supreme Court has approved of in the past. Is that accurate? No. Not that it would matter, given that the question isn't whether or not we have a case dead on point in our favor. Rather, the problem for a Petitioner in EBBA cases, they must have a case pretty much on point in their favor. But, indeed, the end Jones, in fact, the – I want to address it as a term that we're not getting confused. To say that potentially indefinite or indefinite, potentially determinate or indeterminate, it's – you can't really discuss whether something's indeterminate without really wrestling with, well, how does it end? How does it terminate? In Jones, it would not terminate without a showing by the – or there was no guarantee of it terminating in Jones without the defendant, for example, making a showing that he no longer is dangerous. So I don't see how that distinction is drawn by Petitioner. In Jones, you had to make a showing affirmatively to get out unless the department, the hospital itself, let you out. That seems to be precisely the same as this case. So I just don't see the distinction that they're trying to draw. And in Hendricks, Kansas v. Hendricks, as we pointed out in the brief, the Court upheld Kansas' scheme prior to noting the fact of the annual reviews and noting that as a moreover as to why the statute was sent. Thank you, Your Honors. Ginsburg. I realize this is an important issue as to what specifically the U.S. Supreme Court has stated. This circuit, your circuit, the Ninth Circuit, in Hubbert v. Knapp, 379F3rd.773 in some of our points and authorities, you ruled on the first sexually violent predator act of California, the one where they got a review hearing every two years and it had to be proof beyond a reasonable doubt. And this Court interpreted the Kansas law or the Kansas decision in Kansas v. Hendricks. And you said at page 781 of the Hubbert v. Knapp decision, the Court held that State civil commitment schemes must at a minimum follow proper procedures and evidentiary standards and require proof of dangerousness plus proof of an additional factor, such as mental disorder. These elements must be established by clear and convincing evidence. See Addington. So my thesis here is that this Court has previously interpreted Kansas v. Hendricks as requiring at least clear and convincing evidence, and this Court ruled on the first sexually violent predator act, the one that was the precursor to the one now. But does that matter now that the statute has changed? That ruling was made in the context of the statute that existed prior to its amendment. A statute that gave far more liberties and gave a far higher burden upon the State to prove. So although the statute changed, the statute became far more severe in locking people up for an indefinite commitment as opposed to a two-year term or in Kansas a one-year term or as opposed to, I think, Washington and Arizona that have one-year terms. So I believe it's valid because you're interpreting Kansas v. Hendricks and you're interpreting that, you're applying it to that previous State law, but you're interpreting that case and that interpretation, it really blends in with my first thesis when I first stood up here and said that, and I was asked, is proof beyond a reasonable doubt required, even though California on the initial confinements does provide proof beyond a reasonable doubt. And although I would like to see California keep the proof beyond a reasonable doubt and change its statute back to what it was, I have to say that in looking at those Supreme Court cases that Addington does say clear and convincing evidence. Addington is the only rule that we have from the U.S. Supreme Court on what the proper standard of proof has to be for locking people up and depriving them of their civil liberties. Kagan. Counsel, what's your response to opposing counsel's representation that footnote 11 of Jones totally defeats your argument? Well, the U.S. Supreme Court, in explaining Jones, says that Jones is in effect sui generis because it is an individual who has presented his mental disease or defect as a defense to a crime. So somebody who presents and says, I committed this criminal act, but I have a mental disease or disorder, the U.S. Supreme Court has said that that person stands in a different classification. So it's right in the Jones decision where the Court explains that persons who have been found not guilty by reason of insanity stand in a different footing and are treated differently, and that the burden of proof shifts to them because there's not the same danger to society that we would have in an Addington case where somebody might be locked up for idiosyncratic behavior. In note 11, though, the Supreme Court made clear that the provisions regarding seeking release upon after being certified were not before the court. So how does that affect your argument? The court said we are not looking at any provisions that pertain to release after certification. How does that affect your argument? Well, you mean release after the person has been certified as a sexually violent predator? Right. Well, after the person has been certified and they you're not talking, you're talking about, oh, excuse me, I was trying to think of whether you were talking about initial commitment. Continued confinement versus initial commitment. Okay. So it appears that the court in Jones is saying we are not addressing the issue of continued confinement after initial commitment. Well, I think the court in Jones did say that it was the burden of preponderance of the evidence was the standard, and that is usually the standard in most States that I'm aware of that have the insanity defense, that once the individual is found not guilty by reason of insanity, he or she has to prove at every hearing. But even so, for example, in California, an insanity equity has a hearing every six months in open court. The SVP doesn't have a hearing every six months in open court whereby his continued mental disease or defect or dangerousness is evaluated the way it is in insanity. Every six months, an insanity equity goes to court. It's reviewed in open court. Reports are sent from Atascadero or whatever State hospital. In this case, we have patients that are sitting in limbo in Coalinga State Hospital, and they have to file their own petitions, and then a court can decide whether it's a frivolous petition or not before even granting them a hearing. All right, counsel. I think we understand your argument. Are there any questions? All right. Thank you to both counsels.
judges: Lynn, Hawkins, Rawlinson